UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN E. JACKSON,<br><br>                  Plaintiff,<br><br>    v.<br><br>MARSHA J. JOSIAH, et al.,<br><br>                  Defendants. | No. 2:19-cv-00671-JAM-KJN PS<br><br>ORDER GRANTING DEFENDANTS'<br>MOTION TO STAY PROCEEDINGS<br><br>(ECF No. 18) |

Before the Court is a Motion to Stay filed by defendants in response to plaintiff's complaint. (ECF No. 18.) Defendants seek to stay this federal proceeding and postpone the Court's exercise of jurisdiction until the pending appeal in state court concludes. Plaintiff Robin E. Jackson, pro se, and defendants' counsel, Garrett Seuell, appeared before the Court for a hearing on this matter on February 20, 2020. After considering defendants' Motion, plaintiff's Opposition, defendants' Reply to plaintiff's Opposition, as well as the arguments advanced at the hearing, the Court hereby grants defendants' Motion to Stay[1] for the reasons stated herein.

////

////

---

[1] This action was referred to the undersigned pursuant to 28 U.S.C § 636 and Local Rule 302(c)(21). A Magistrate Judge has the authority to determine a motion to stay as it is a non-dispositive matter. See SEC v. CMKM Diamonds, Inc., 729 F.3d 1248, 1260 (9th Cir. 2013); see also PowerShare, Inc. v. Syntel, Inc., 597 F.3d 10, 13-14 (1st Cir. 2010).

1

# I. BACKGROUND

Plaintiff, Robin Jackson, and defendant, Marsha Josiah, are sisters and were co-trustees of their late mother's trust, the Eddie Copeland Neighbors Trust. (ECF No. 18-1 at 2.)[2] Marsha Josiah's husband, Claude Josiah, is also a named defendant in this case. (ECF No. 1 at 1.) On September 21, 2017, defendant Marsha Josiah filed a petition in the Superior Court for the County of Sacramento seeking an accounting of the trust and removal of plaintiff as co-trustee. (ECF No. 18-1 at 2.) Trial began on November 29, 2018, concerning the title of the only contested property in the trust, their late mother's home located at 2220 65th Avenue in Sacramento, California. (ECF No. 18-3 at 5.) At the probate court trial, defendant Josiah claimed that plaintiff Jackson improperly transferred the home by deed from the trust to herself and her husband. (See ECF No. 18-1 at 2.) Defendant Josiah claimed at trial that she did not make "any oral or written representation that she was giving up her interest" in the home, and that plaintiff transferred the title without her express permission. (Id.)

The probate judge entered a final judgement on June 25, 2019, ordering the removal of plaintiff as co-successor trustee and return of the home as a trust asset. (See ECF No. 18-3 at 9-10.) Additionally, the court ordered that so long as plaintiff occupies the home, rent costs owed to defendants will accrue. (See id. at 9.) The judge also encouraged the parties to sell the home to a third party or that one party buy out the other's interest in the home. (ECF No. 18 at 10.) However, the judge declined to order the home to be sold because plaintiff and her husband still lived in it. (Id.) On June 28, 2019, two days after the state court entered its final judgement, plaintiff filed a notice of appeal with the Third District Court of Appeal for California. (See ECF No. 18-3 at 12.) Additionally, plaintiff filed formal complaints with the State Commission on Judicial Performance and the State Bar of California against Judge Winn, the trial judge, and Josiah's probate attorney, Gary R. White. (See ECF No. 1 at 25.) On April 19, 2019, prior to the

---

[2] A Court may take judicial notice of proceedings in other courts and their related filings and documents. See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992); Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank, 136 F.3d 1360, 1364 (9th Cir. 1998). The Court therefore takes judicial notice of the probate court's order in Case No. 34-2017-219410, and other related probate court documents that are appended to defendants' Motion to Stay (See ECF Nos. 18-2; 18-3.)

2

probate court's entry of final judgment and three days before the court's tentative decision was announced, plaintiff filed her complaint with this Court. (See id. at 1.)

Plaintiff's complaint alleges fives causes of action. First, plaintiff alleges that defendants are co-conspirators pursuant to RICO, 18 U.S.C § 1962(c), who "devised or intended to devise a scheme to defraud" plaintiff of money and their mother's home "by filing the original untrue complaint in Sacramento County Probate Court." (ECF No. 1 at 30.) Plaintiff's second cause of action is malicious prosecution. Plaintiff claims that defendants intentionally filed "false claim(s) to maliciously pursue claims . . . brought without probable causes." (Id.) Third, plaintiff claims that defendants, along with their attorney Mr. White and the Sacramento County Probate Court, engaged in a plan to extort her. (See id. at 31-32.) Fourth, plaintiff alleges that defendants and their attorney committed mail fraud in connection with the state proceeding pursuant to 18 U.S.C. § 1341 and § 1343. (See id. at 32-33.) Finally, plaintiff alleges that defendants committed fraud in violation of Cal. Civ. Code § 3294 by "fraudulently filing" their state court suit, and that defendants "[were] setting [plaintiff] up the entire time." (Id. at 34-35.)

Plaintiff's prayer for relief requests that the Court award "a temporary restraining order and preliminary injunction[]" to "avert the likelihood of [d]efendants' . . . irreparable injury or prohibit the illicit conduct described" in plaintiff's complaint. (Id. at 35.) Plaintiff also requests that the Court "[o]rder RICO [d]efendants, Marsha Josiah and Claude Josiah, to cease and desist from violating 18 U.S.C. section 1964," and enter judgment against defendants "in an amount equal to three times the amount of damages to [p]laintiff . . . plus a civil penalty for each violation of 18 U.S.C. section 1964." (Id. at 35-36.)

Before the Court is defendants' Motion to Stay this federal proceeding pursuant to the Colorado River abstention doctrine. (See ECF No. 18 at 1-2.) Plaintiff filed an Opposition Motion in response to defendants' Motion to Stay, and defendants filed a Reply to plaintiff's response. (See ECF Nos. 19, 21.)

**II.    LEGAL STANDARD**

Colorado River abstention applies to situations involving the contemporaneous exercise of concurrent jurisdiction by state and federal courts. See Colo. River Water Conservation Dist. v.

3

United States, 424 U.S. 800, 817 (1976). In Colorado River, the Court recognized that a district court's abstention from exercising its jurisdiction may be appropriate when no other abstention doctrines applies,³ yet wise judication administration, the conservation of judicial resources, and the comprehensive disposition of litigation nonetheless justify the stay or dismissal of parallel federal proceedings. See Colo. River, 424 U.S. at 817; Smith v. Central Ariz. Water Conservation Dist., 418 F.3d 1028, 1032-33 (9th Cir. 2005). A court's abstention from exercising its federal jurisdiction is "an extraordinary and narrow exception" to a district court's duty to adjudicate a case properly before it. See County of Allegheny v. Frank Mashuda Co., 360 U.S. 185, 188-89 (1950). Thus, a federal court may only decline or postpone exercising jurisdiction in deference to pending parallel state proceedings under "exceptional circumstances." See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 19 (1983); see also Smith, 418 F.3d at 1033 ("[T]he Colorado River doctrine is a narrow exception to the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them.") (internal quotes and citations omitted). A court may dismiss a case based on Colorado River abstention only when the relief sought is equitable or discretionary, otherwise a court may only stay the case. See Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 731 (1996) (finding that dismissal is inappropriate when damages are sought).

The Ninth Circuit has clarified the requirement that the state and federal proceedings be parallel to mean they must be "substantially similar." See Seneca Ins. Co. v. Strange Land, Inc., 862 F.3d 835, 845 (9th Cir. 2017) ("[T]he parallelism factor considers whether the parallel

---

³ There are four other circumstances under which a district court may abstain from exercising jurisdiction. See Colo. River, 424 U.S. at 814. Abstention is available when either (1) state law is unclear in a diversity action or (2) abstention would avoid unnecessary constitutional issues. See id. Abstention may also be invoked in order to avoid interfering with either (3) the development of a state's administrative policy or (4) a pending state proceeding. See id. at 814-15. Abstention in order to avoid interference with pending state proceedings in known as Younger abstention and is generally restricted to criminal trials. See Younger v. Harris, 401 U.S. 37 (1971). However, the Supreme Court has applied Younger to select types of civil cases, such as when important state interests are involved and when adequate relief is available in the state proceeding. See, e.g., Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc., 477 U.S. 619, 625-28 (1986) (finding that a state's interest in eliminating sex discrimination was significant enough to warrant abstention). None of these four doctrines are mentioned or invoked in defendants' motion to stay, and the Court does not find any to be applicable.

4

proceedings address 'substantially similar' claims."). In evaluating whether exceptional circumstances warrant abstention under Colorado River, courts generally apply the following factors:

> (1) whether either court has assumed jurisdiction over a *res*; (2) the relative convenience of the forums; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which the forums obtained jurisdiction. In Moses Cone, the Court articulated two more considerations: (5) whether state or federal law controls and (6) whether the state proceeding is adequate to protect the parties' rights.

Nakash v. Marciano, 882 F.2d 1411, 1415 (9th Cir. 1989) (citations omitted). Additionally, In Nakash the Ninth Circuit considered (7) whether the suit filed in federal court is an attempt to forum shop or avoid adverse rulings by the state court. See Nakash, 882 F.2d at 1417; see also Montanore Minerals Corp. v. Bakie, 867 F.3d 1160, 11690-70 (9th Cir. 2017) (finding that a person who improperly pursues a suit in a new federal forum after facing setbacks in the original state proceeding weighs in favor of a stay).

This list of factors is not exhaustive or rigid, and the Colorado River test "does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." Moses Cone, 460 U.S. at 16.

### III. DISCUSSION

**A. The Court's Stay of its Jurisdiction in this Case is Warranted Under Colorado River**

Defendants argue that the Court should stay plaintiff's federal suit because there are state court proceedings pending in the California Court of Appeal for the Third District that involve the same subject matter. (ECF No. 18 at 1-2.) When plaintiff filed her complaint with the Court in April 2019, the state probate court had not yet entered a final judgement, and thus the state case was ongoing. (See generally ECF Nos. 1 at 1; 18-2 at 8.) Plaintiff then appealed the state probate court's final judgement to the Third District. (See ECF No. 18-3 at 12.) When a federal suit proceeds while an appeal is pending to an intermediate state appellate court, the requirement under Colorado River that the state-federal proceedings be contemporaneous is satisfied. See BP Am. Prod. Co. v. Kysar, 2010 U.S. Dist. LEXIS 52294, at *19-20 (D. N.M. Apr. 22, 2010)

(though not explicitly addressed by the Ninth Circuit, "the consensus among circuit courts is that the reasons for Colorado River abstention are strengthened when a state appeal is pending").

### 1. Substantially Similar Claim Requirement is Satisfied

Defendants failed to address this requirement in their Motion to Stay, which is a threshold requirement for Colorado River abstention in the Ninth Circuit. In determining whether contemporaneous state-federal proceedings are "substantially similar" for purposes of Colorado River, the Court should consider similarities in the proceedings' parties and claims. See Nakash, 882 F.2d at 1416-17 (finding that "exact parallelism" between suits is not required, and that the federal suit before the court was "substantially similar" to the state action because the proceedings concerned the same relevant conduct and the parties were almost identical). The only difference in parties between the state and federal proceedings in this case is the addition of Claude Josiah, defendant Marsh Josiah's husband. (Compare ECF No. 1 at 1, with No. 18-2 at 5, and No. 18-3 at 13.) Therefore, the parties are sufficiently similar between the state and federal proceedings, as the parties need not be identical, but only "substantially similar." See Montanore Minerals Corp., 867 F.3d at 1170.

The ultimate question regarding the similarity of the claims between contemporaneous state and federal proceedings is whether the state litigation will dispose of all the claims raised in the federal action. See Montanore Minerals Corp., 867 F.3d at 1170; see also Ritchie Capital Mgmt., L.L.C. v. BMO Harris Bank, N.A., 868 F.3d 661, 664 (8th Cir. 2017) (stay is proper when in doing so, the result of the state proceeding will likely preclude plaintiff's claims in federal court). "The existence of a substantial doubt as to whether the state proceedings will resolve the federal action precludes the granting of a stay." Intel Corp. v. Advanced Micro Devices, Inc., 12 F.3d 908, 913 (9th Cir. 1993) ("[T]he decision to invoke Colorado River necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case, whether it stays or dismisses.").

Plaintiff's complaint suggests that this federal action is a de facto appeal of the probate court's judgement. At the heart of each of plaintiff's federal claims is plaintiff's disapproval of her sister's decision to litigate the estate and the way the probate proceeding developed. (See

generally ECF No. 1.) For example, plaintiff claims a violation of RICO based on her sister's mere decision to bring the state action. (See id. at 30.) Plaintiff complains of malicious prosecution, but only because her sister decided to bring the action at all. (See id. at 30-31.) With respect to extortion, plaintiff claims the adverse judgement in state court was a result of a plan on the part of defendants to "illegally obtain trust property," although nothing suggests that the trial was done illegally, fraudulently, or otherwise in violation of state rules of procedure. (See id. at 31.) Finally, plaintiff's claims for fraud are ancillary to plaintiff's disapproval and frustration with the probate court's decision. (See id. at 32-35.)

Plaintiff essentially asks that the Court grant plaintiff *injunctive relief* from the probate court's judgement. (See ECF No. 1 at 35.) Subsequently, the only rational interpretation of plaintiff's complaint is that it is an attempt to circumvent and reverse the probate court's judgement. If plaintiff's requests for injunctive relief and declaratory judgement seek to invalidate the probate court's decision, this would be an improper de facto appeal. Cf. Noel v. Hall, 341 F.3d 1148, 1158 (9th Cir. 2003) (discussing how a federal court must refuse to hear a de facto appeal from a state court decision, as well as any issue that is "inextricably intertwined" with the state court's decision). As such, plaintiff's complaint may reasonably be construed as "substantially similar" to plaintiff's pending state appeal insofar as plaintiff's federal action "attempts to accomplish the same goal" and involves the same conduct as the probate proceeding and plaintiff's pending state appeal. Cf. Montanaore Minerals Corp., 867 F.3d at 1170 (finding that the state-federal proceedings were substantially similar because they both concern the same claims and rights, name the same pertinent parties, and attempt to accomplish the same goal).

The undersigned is confident that the state appellate court is the proper forum for this matter. Moreover, staying this case and allowing the state appeal to proceed would save judicial resources and prevent duplicative litigation as plaintiff continues in the state forum. Cf. Montanore Minerals Corp., 867 F.3d at 1170 ("The state court could have resolved all issues before the federal court, and judicial resources would have been saved and duplicative litigation prevented, if [plaintiff] had continued with its initial choice of the state forum."); Abbott v. Michigan, 474 F.3d 324, 330 (6th Cir. 2007) (discussing that the proper recourse for an adverse

7

state judgement is to appeal through the state-court system). Based on the above analysis, the state and federal proceedings in this case are substantially similar, and a stay is warranted based on the factors set out in Colorado River and its progeny as explained below.

    2. Colorado River Balancing Factors Weigh in Favor of Abstention

      *a. First and Second Factors: Res and Forum Convenience*

  Although the probate court proceeding first assumed jurisdiction over the trust property, plaintiff does not ask the Court to assume jurisdiction over the home or re-probate the estate. This first factor, jurisdiction over a *res*, only slightly favors abstention insofar as the injunction sought against the probate court's judgment asks the Court to interfere with the probate court's final judgment and its disposition of the property. See Montanore Minerals Corp., 867 F.3d at 1166-67 ("[T]he district court was 'required' to stay the appellant's declaratory relief claim, even though it was not *in rem* or *quasi in rem*, because it 'involve[d] the same question' as the *in rem* claim, and could be resolved in state court.") (citation omitted). Additionally, the parties live in the same city as both forums (Sacramento), which makes the second factor, forum convenience, irrelevant. See R.R. St. & Co. v. Transp. Ins. Co., 656 F.3d 966, 979 (9th Cir. 2011).

      *b. Third Factor: Piecemeal litigation*

  Plaintiff's pending appeal in state court poses a risk for piecemeal litigation in the case. Plaintiff essentially asks the Court to review the decision and procedures of the probate proceeding, which will be the primary inquiry of the state appeal. Doing so would not be consistent with the "conservation of judicial resources," and thus this factor favors abstention. See id. ("[Plaintiff's] decision to file two separate actions in two different courts resulted in piecemeal litigation of its singular goal . . . ."); see also Locke v. Bonello, 965 F.2d 534, 538 (7th Cir. 1992) (finding that a federal diversity suit brought during the pendency of a state appeal constituted "duplicative litigation" and "stood to waste [the Court's] time and resources").

      *c. Fourth Factor: The Order in Which the Forums Obtained Jurisdiction*

  The fact that the state probate court obtained jurisdiction over the parties' claims 19 months before the Court favors a stay because the state case has progressed significantly and

there is no reason to doubt that the state appellate court will adequately consider plaintiff's case on appeal. See Moses Cone, 460 U.S. at 21 ("[P]riority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions."); see also BP Am. Prod. Co., 2010 U.S. Dist. LEXIS 52294, at *19-20 (finding that a pending state appeal weighs in favor of abstention).

### d. Fifth Factor: Whether Federal or State Law Controls

Plaintiff's claims arise under both state and federal law. The presence of state-law issues in a federal proceeding weighs in favor of abstention by a federal court only in "rare circumstances." Moses Cone, 460 U.S. at 25-26. When issues of federal law are present, this factor weights against abstention. See id. Because there is concurrent jurisdiction over all of plaintiff's state and federal claims and either court could properly hear them, this factor is neutral. See Nakash, 882 F.2d 1411 at 1416 (explaining that "this factor becomes less significant" when there is concurrent state and federal jurisdiction over a claim).

### e. Sixth Factor: Adequacy of State Court to Protect the Parties' Rights

Though the state appeal would not address plaintiff's five causes of action presently before the Court, nothing suggests the state appellate court cannot protect plaintiff's rights under federal law, and plaintiff makes no concrete allegation concerning the appellate court's inability to do so. See Montanore Minerals Corp., 867 F.3d at 1169. Thus, this factor weighs in favor of abstention.

### f. Seventh Factor: Forum Shopping

Plaintiff's apparent attempt to evade the state court's judgement and the reactive nature of plaintiff's complaint weigh strongly in favor of abstention. In determining whether a plaintiff "pursued suit in a new [federal] forum after facing setbacks in the original [state] proceeding," Seneca Ins. Co., 862 F.3d at 846, courts consider "the vexatious or reactive nature" of the federal litigation. R.R. St. & Co., 656 F.3d 966 at 981 (internal quotes and citation omitted); see also Moses Cone, 460 U.S. at 17 n.20 ("[T]he vexatious or reactive nature of either . . . litigation . . . has considerable merit.").

Plaintiff's complaint is a facially contrived attempt to evade the state court's judgement. Plaintiff stated in her complaint, "it appears this [l]awsuit [p]etition filed with the Sacramento County Probate Court will end in favor of the [d]efendant, Marsha J. Josiah . . . because [of] the many unproven allegations and charges filed in [d]efendant's original lawsuit with the Sacramento County Probate Court [in] September 2017." (ECF No. 1 at 6.) Plaintiff's decision to file her complaint upon realization that an adverse ruling in state probate court was imminent supports a finding that this federal suit was a reactive move aimed at circumventing the probate court's judgement. Furthermore, plaintiff fails to substantiate any of her claims of conspiracy and fraud. Rather, plaintiff's claims rest solely on the allegation that defendants "fraudulently filed" an "untrue complaint." (See, e.g., id. at 3, 30.)

Therefore, the undersigned finds that this action is a de facto appeal, which falls squarely within the rule against using federal courts to avoid adverse state judgements. See Moses Cone, 460 U.S. at 17 n.20; R.R. St. & Co., 656 F.3d at 981; Nakash, 882 F.2d at 1416-17. If, however, after the conclusion of the state appeal, plaintiff's concerns persist and plaintiff wishes to continue pursuing this case in federal court, the forum will remain available if warranted. See Attwood v. Mendocino Coast Dist. Hospital, 886 F.2d 241, 243-44 (9th Cir. 1989).

**IV. CONCLUSION**

Based on the above reasoning and analysis, the undersigned finds that exceptional circumstances in this case warrant the Court's abstention under Colorado River and its progeny.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' Motion to Stay (ECF No. 18) is GRANTED;
2. This action is STAYED. The parties are to refrain from submitting any filings with the Court until the state appeal is concluded; and

////
////
////
////
////

3. Defendants must submit, within 10 days of the state appeal's conclusion, notice to the Court attesting to the same, at which point the Court will issue an appropriate scheduling order.

IT IS SO ORDERED.

Dated: March 18, 2020

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Jack.671

11