UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN E. JACKSON,<br><br>       Plaintiff,<br><br>   v.<br><br>MARSHA J. JOSIAH, et al.,<br><br>       Defendants. | No.  2:19–cv–0671–JAM–KJN PS<br><br>ORDER |

This case was stayed under the Colorado River abstention doctrine from March 19, 2020, until January 13, 2021—with intermittent exceptions when it appeared that plaintiff's appeals of the underlying state court decision had concluded, but were in fact continuing.[1] (ECF Nos. 23-30.) The court has not yet issued a scheduling order in this case and, upon lifting the stay, ordered the parties to file status reports addressing the standard case scheduling matters. (ECF No. 30.) The parties have done so (ECF Nos. 31-32), and with plaintiff having now exhausted her state court appeals,[2] the court now sets an initial deadline for proceeding with this case.

---

[1] Plaintiff is proceeding pro se, and this matter is referred to the undersigned pursuant to 28 U.S.C. § 636(c) and Local Rule 302(c)(21).

[2] Defendants briefly request that the court yet again reimpose a stay of proceedings because plaintiff indicated to them that she has filed a writ of certiorari in the United States Supreme Court seeking review of the California Third District Court of Appeal's decision to affirm the original trial court's decision. (ECF No. 31 at 4.) Plaintiff's status report makes no mention of

1

The court declines to issue its full, standard Scheduling Order at this time because it appears that this case is appropriate for resolution on the pleadings.  In imposing the original Colorado River stay, the court noted several times that plaintiff's complaint appears to be a "de facto appeal" of the judgment of the state probate court, which removed plaintiff as co-successor trustee of her late mother's trust and ordered return of the mother's home as a trust asset.  (ECF No. 23 at 6-7, 10.)  Plaintiff has now *actually* appealed the judgment of the probate court through California's appellate courts, without success.  See Josiah v. Jackson, No. C089963, 2020 WL 6156418 (Cal. Ct. App. Oct. 21, 2020), review denied (Dec. 30, 2020).  Nevertheless, plaintiff states in her status report that she anticipates moving to amend her complaint in this court to add claims arising from the probate court's entry of judgment against her.  (ECF No. 32 at 5-6.)  Plaintiff states that the relief she seeks in the present federal action is "to remain in the inherited home without any costs attached to residence by the courts."  (Id. at 3.)  She further references the "plethora" of laws and rules "that were violated in the entire Probate Court proceeding."  (Id. at 7.)

This court does not have jurisdiction, however, to review such claims of errors occurring in state court decisions in civil cases.  Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923).  A federal district court "lacks subject matter jurisdiction either to conduct a direct review of a state court judgment or to scrutinize the state court's application of various rules and procedures pertaining to the state case."  Samuel v. Michaud, 980 F. Supp. 1381, 1411–12 (D. Idaho 1996), aff'd, 129 F.3d 127 (9th Cir. 1997).  It appears to the court that plaintiff's complaint is likely subject to dismissal for at least this reason, as would be true of her contemplated amended complaint.

Defendants state in their status report that they anticipate filing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (ECF No. 31 at 4.)  The court finds that it would be most judicially efficient for defendants to proceed with filing—and for the court to rule

---

having filed for certiorari.  Moreover, it is extremely unlikely that the U.S. Supreme Court would grant certiorari in this case, even assuming it has jurisdiction to review an intermediate state court decision involving no questions of federal law.  Accordingly, the court declines to reimpose a stay and prolong this action further.

1  on—such motion to dismiss before setting the remainder of the case scheduling deadlines, which
2  may prove unnecessary. Accordingly, defendants shall file any motion to dismiss **on or before**
3  **March 11, 2021,** noticed for hearing in conformance with this court's Local Rules. Plaintiff will,
4  of course, have the opportunity to respond to this motion. In her response, in addition to
5  opposing defendants' arguments for dismissal, plaintiff may also include any arguments for why
6  the court should grant leave to amend her complaint even if it grants defendants' motion. Once
7  the pleadings are settled, the court will set further scheduling deadlines, if it determines the case
8  may proceed.

9  The court also addresses two further issues raised in plaintiff's status report. First,
10 plaintiff again includes (alongside her own statements) statements of "Defendants' Position,"
11 drawn from a draft of the joint status report the parties started preparing for the court in
12 November 2020. This is improper, as plaintiff was aware that defendants were filing their own
13 separate status report—after she refused to work with defendants to prepare a joint status report.
14 (ECF No. 31 at 1.) In any future separate status reports to the court, plaintiff should represent
15 only *her own* position, not that of defendants.[3]

16 Second, plaintiff renews her request for e-filing privileges—which the court has
17 consistently denied on several prior occasions—arguing that as a "senior citizen and a black
18 person," she is more prone to contract COVID-19. As plaintiff is aware, litigants appearing pro
19 se in this court generally are not allowed to file electronically, and must provide "an explanation
20 of reasons" to obtain an exception to this rule. See Local Rule 133(b)(2) & (3). Although the
21 court understands and shares in plaintiff's health concerns, the court does not find good cause to
22 grant e-filing privileges on this ground because plaintiff has the option to file her papers with the
23 court by mail if she feels it is too unsafe to travel to the court to deposit them in the filing deposit
24 box. If this litigation ultimately proceeds beyond defendants' forthcoming motion to dismiss, and
25 if plaintiff has not abused the filing procedures, the court would entertain a future motion for
26 ///

---

[3] Of course, the court will continue to encourage the parties to file *joint* status reports whenever possible, as they promote judicial efficiency and communication between the parties.

1  electronic filing. At the current stage, however, the request is DENIED without prejudice.

2       For these reasons, IT IS ORDERED that:

3     1. On or before March 11, 2021, defendants shall file any motion to dismiss plaintiff's
4        complaint (ECF No. 1); and
5     2. Plaintiff's request for e-filing privileges is DENIED without prejudice.

6  IT IS SO ORDERED.

7  Dated:  February 10, 2021

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Jack.671