1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ROBIN E. JACKSON,                      No.  2:19–cv–0671–JAM–KJN PS

12                 Plaintiff,                 ORDER

13          v.                               (ECF No. 34)

14    MARSHA J. JOSIAH, et al.,

15                 Defendants.

16

17          On February 23, 2021, plaintiff filed a motion for leave to supplement the pleadings in her

18    complaint under Rule 15(d) of the Federal Rules of Civil Procedure.[1]  (ECF No. 34.)  The court

19    must deny this motion as filed for several reasons.

20          First, plaintiff did not notice the motion on the court's motion calendar, as required by the

21    Local Rules.  See L.R. 230(b) ("Except as otherwise provided in these Rules or as ordered or

22    allowed by the Court, all motions shall be noticed on the motion calendar of the assigned Judge or

23    Magistrate Judge.").  Compliance with this rule is important in ensuring that the opposing party

24    has notice of the deadline for submitting any opposition to the motion.

25          Second, plaintiff does not include her proposed supplement with the motion.  See

26

---

27    [1] Rule 15(d) provides, in relevant part: "On motion and reasonable notice, the court may, on just
      terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or
28    event that happened after the date of the pleading to be supplemented."  Fed. R. Civ. P. 15(d).

                                             1

L.R. 137(c) (for all documents requiring leave of court to file,[2] the filer "shall attach the document proposed to be filed as an exhibit to moving papers seeking such leave").  Plaintiff states several times in her motion that the proposed supplement is attached, but all that the court finds attached is plaintiff's declaration in support of her motion, along with five exhibits.  (ECF No. 34 at 7-41.)  It appears that plaintiff wishes to supplement her original complaint, filed on April 14, 2019 (ECF No. 1), with facts put forth in portions of this declaration—and perhaps with the exhibits themselves.  But as currently filed, the court cannot tell exactly what allegations or exhibits plaintiff wishes to add to her complaint.

Accordingly, the court denies plaintiff's motion to supplement, without prejudice to its refiling in conformance with the Local Rules.  Should plaintiff refile her motion in time to be heard in conjunction with defendants' expected motion to dismiss—which the court ordered to be filed by March 11, 2021 (see ECF No. 33 at 2-3)—the court may resolve both motions simultaneously.  As noted in the previous order, it is not at all clear that the court has jurisdiction to hear plaintiff's complaint, which—as the present motion reinforces—appears entirely directed toward overturning the state probate court decision in favor of defendants (who were plaintiffs in the state court action).  (See id. at 2 (discussing Rooker-Feldman doctrine[3]).)

If plaintiff renews her motion to supplement the pleadings, she is advised that Rule 15(d) permits *supplementing* the complaint only with "any transaction, occurrence, or event that happened *after* the date of the pleading to be supplemented."  Fed. R. Civ. P. 15(d).  This is in contrast to Rule 15(a) which permits filing an amended superseding complaint to replead or add

---

[2] "The language of Rule 15(d) makes clear that a supplemental pleading may only be filed with leave of the court." Bittel Tech., Inc. v. Bittel USA, Inc., 2011 WL 940300, at *3 (N.D. Cal. Feb.18, 2011).

[3] Several of the allegations plaintiff appears to wish to add to her complaint go toward plaintiff's Racketeer Influenced and Corrupt Organizations Act ("RICO") claim.  The court notes that a RICO claim does not provide federal jurisdiction when it is clear that the RICO allegations are aimed at circumventing a state court ruling.  See Richards v. Cty. of Los Angeles, No. CV 17-0400, 2017 WL 7410985, at *8 (C.D. Cal. Oct. 20, 2017) (court lacked subject matter jurisdiction under Rooker-Feldman doctrine where the essence of RICO claims was plaintiff's "dissatisfaction with and attempt to circumvent the . . . ruling by the state court"), aff'd, 723 F. App'x 556 (9th Cir. 2018).

1    facts or claims arising prior to or contemporaneously with the allegations of the original

2    complaint.  <u>See generally</u> <u>Womack v. GEO Grp., Inc.</u>, No. CV-12-1524, 2013 WL 491979, at *4

3    (D. Ariz. Feb. 8, 2013).  Some of the exhibits plaintiff refers to and attaches to her declaration

4    predate the filing of her original complaint, and thus are unlikely to be permissible supplements

5    under Rule 15(d).  (<u>See</u> ECF No. 34, Jackson Decl. ¶¶ 3-4 & Exs. A-B.)  However, the court

6    notes that generally it can take judicial notice of public court records and judicial decisions in

7    resolving a motion to dismiss.

8         For the reasons described above, IT IS ORDERED that plaintiff's motion to supplement

9    the pleadings (ECF No. 34) is DENIED without prejudice to its refiling in conformance with the

10   Local Rules.  Any refiled motion to supplement must attach as an exhibit—separately labeled as

11   "SUPPLEMENTAL PLEADINGS"—the allegations or materials proposed to be added to the

12   complaint.

13   Dated:  March 1, 2021

14

15                                                    _____
                                                      KENDALL J. NEWMAN
16                                                    UNITED STATES MAGISTRATE JUDGE

17

18   Jack.671

19

20

21

22

23

24

25

26

27

28

3